[Cite as *Lay v. Ohio Dept. of Transp., Dist. 8*, 2010-Ohio-6331.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM LAY

     *Plaintiff*

     v.

OHIO DEPT. OF TRANSP., DIST. 8

     *Defendant*

Case No. 2010-05463-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, William Lay, filed this against defendant, Department of Transportation (ODOT), contending his 2009 Honda Accord was damaged as a proximate cause of negligence on the part of ODOT personnel in maintaining a hazardous condition on State Route 264 in Hamilton County. Specifically, plaintiff asserted he suffered tire damage to his vehicle as a result of striking a pothole located "near Dog Trot Road." Plaintiff recalled the described incident occurred on March 14, 2010 at approximately 9:30 p.m. Plaintiff seeks damage recovery in the amount of $243.62. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's March 14, 2010 described occurrence. Defendant located the pothole "at milepost 3.16 on SR 264 in Hamilton County" and advised that "ODOT did not receive any reports of the pothole or have any knowledge of the pothole prior to the (March 14, 2010) incident." Defendant asserted that plaintiff failed to produce any evidence to establish the length of time the pothole existed on State Route 264 prior to his damage

occurrence. Defendant suggested that "it is likely the pothole existed for only a short time before the incident."

{¶ 3} Furthermore, defendant argued that plaintiff failed to prove the roadway was negligently maintained. Defendant explained that the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently no potholes were detected near milepost 3.16 on State Route 264 the last time that section of roadway was inspected before March 14, 2010. The claim file is devoid of any roadway inspection records. Defendant did submit "Maintenance Records" for State Route 264 covering the period from September 14, 2009 to March 14, 2010. These records show that pothole patching repairs were needed in the vicinity of milepost 3.16 on October 15, 2009, December 30, 2009, February 12, 2010, March 3, 2010, and March 4, 2010, the day of plaintiff's incident.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.* 99 Ohio St. 3d 79, , 2003-Ohio-2573, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 79, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the

accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway condition of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 7} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.

{¶ 8} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the length of time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM LAY

     Plaintiff

     v.

OHIO DEPT. OF TRANSP., DIST. 8

     Defendant

     Case No. 2010-05463-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

William Lay
4588 East Miami River Road
Cleves, Ohio 45002

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street

Columbus, Ohio  43223

RDK/laa
8/19
Filed 9/2/10
Sent to S.C. reporter 12/17/10